**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Civil No.:   3:18-3106-JFA |
| | : |
| Plaintiff, | : |
| | : |
| v. | : **COMPLAINT** |
| | : |
| TOWN OF IRMO, SOUTH CAROLINA, | : |
| | : |
| Defendant. | : |

_____

The United States of America alleges as follows:

## NATURE OF THE ACTION

1.      The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act").  The United States brings this action on behalf of Patricia Witt pursuant to 42 U.S.C. § 3614(b)(1)(A).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(b)(1)(A).

3.      Venue is proper under 28 U.S.C. § 1391(b) because the actions or omissions giving rise to the United States' allegations occurred in this District, the Defendant is located in this District, and the property that is the subject of this suit is located in this District.

## DEFENDANT AND THE SUBJECT PROPERTY

4.      Defendant Town of Irmo ("Town") is a political and geographical subdivision of the State of South Carolina.  The Town is located in Lexington and Richland Counties and operates under a council form of municipal government.

5.     The Town Council ("Council") is the governing body of the Town. The Council consists of the mayor and four elected council members. Pursuant to the authority granted by the State of South Carolina, the Council exercises zoning authority over the land within its borders.

6.     The Council enacted the zoning regulations for the Town, which are set forth in the zoning ordinance. The Council has the authority to amend the zoning ordinance.

7.     The zoning ordinance established a Zoning Board of Adjustment ("Zoning Board"), which operates as a quasi-judicial body that hears appeals from the decisions of the zoning administrator, requests for variances, and requests for special exceptions to the zoning ordinance. The Zoning Board has five members who are appointed by the Council.

8.     Under South Carolina Code Section 6-29-800, the Council has the authority to pass an ordinance to permit a variance for a use of land, a building, or a structure that is otherwise prohibited by the zoning ordinance.

9.     The property that is the subject of this suit ("subject property") is located at 213 Minehead Road in Irmo, South Carolina. The subject property is within the boundaries of the Town and it is subject to the zoning ordinance established by the Council and enforced by the Zoning Board.

10.     The subject property is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

11.     Patricia Witt is a resident of the Town. At all times relevant to this action, Ms. Witt owned and resided at the subject property.

12.    Ms. Witt is a person with a disability[1] as defined by the Fair Housing Act.  42 U.S.C. § 3602(h).  Ms. Witt has a mobility impairment resulting from four hip surgeries.  Her disability is permanent.

13.    Ms. Witt is substantially limited in one or more major life activities.  She has difficulty walking and performing certain manual tasks.  She has an impaired ability to climb stairs.  She has difficulty getting in and out of her car.  She has difficulty walking on wet, slippery surfaces, and stepping over objects.

14.    In the fall of 2016, Ms. Witt fell four times on the concrete driveway of the subject property, and she sought to build a carport that would protect her driveway and the mobility ramp that she uses as a means of ingress and egress from the subject property.

15.    The contractor Ms. Witt hired surveyed the subject property and suggested that Ms. Witt install a 24-foot long carport.  Five feet of the carport would attach to the subject property and include gutters and a downspout.  The remaining 19 feet would extend in front of the subject property.  This extension would protect the mobility ramp, Ms. Witt's vehicle, and a portion of her concrete driveway during inclement weather.

16.    In November 2016, Ms. Witt applied for a zoning permit, but the permit was denied by the zoning administrator because "the carport would extend in front of the main dwelling" in violation of Section 7-7.2 of the zoning ordinance.  The carport did not violate any other provisions of the zoning ordinance.

---

[1] The term "disability" is synonymous with the term "handicap" as defined in 42 U.S.C. § 3602(h).  The United States used the term "disability" throughout this document, except where quoting a witness's or entity's use of another term.

17.    In December 2016, Ms. Witt applied for a zoning variance, and she stated on the application: "I am handicapped (4 hip surgeries in 1 yr.) [and] need a knee replacement, driveway is slippery when wet.  I must use a ramp from driveway to get to my house.  [I] use a walker and cane.  Have had several falls on slippery pavement. … [I] want my ramp to be covered and stay dry during rain and snow."

18.    On December 12, 2016, the Zoning Board met to consider Ms. Witt's request for a zoning variance.  The Zoning Board allowed Ms. Witt to speak from her seat because of her disability.  Ms. Witt described her medical history and identified herself as "handicapped."  She told the Zoning Board that she uses a cane or a walker and explained that she has had four falls in her driveway and that she needed the carport to provide protection in inclement weather and prevent future falls.  Ms. Witt asked the Zoning Board to "make an exception because I'm handicapped."

19.    Ms. Witt's contractor also spoke to the Zoning Board.  He said that the proposed carport needed to extend in front of the subject property because the side yard had several large oak trees, a 15-foot long and three-foot high retaining wall, fencing and landscaping that would have to be removed to build the carport as specified by the zoning ordinance.  He also explained that the rear yard would need to be leveled and the concrete driveway would need to be extended.  He said that these changes would cost Ms. Witt several thousand dollars.  He specifically asked for an "exception" to the zoning ordinance because of Ms. Witt's disability.

20.    One board member said that the Zoning Board could not grant Ms. Witt's request for a variance because a variance must be "based on the uniqueness … of the property and not the property owner."

21.    Another board member asked the town administrator, Bob Brown, if "there [was] anything in the ordinance that allows for anyone to have an exception due to medical necessity?" Mr. Brown said there was not.

22.    The Zoning Board voted, 3-1, to deny Ms. Witt's variance application.

23.    On February 7, 2017, Ms. Witt spoke during the public presentation portion of the Council meeting and requested that the Council recommend approval of her variance application. Ms. Witt told the Council that she was entitled to the variance under the Fair Housing Act because she was permanently disabled.  She showed pictures of the injuries she sustained in her most recent fall, and she explained that she needed the carport to keep her ramp dry and prevent future falls. She explained that she feared having a fall from which she would not be able to recover.

24.    Neither the Zoning Board nor the Council inquired about or requested any medical documentation from Ms. Witt concerning her disability.

25.    During her testimony before the Council, Ms. Witt said there were two homes in her neighborhood with carports that extend in front of the primary dwelling.  She said those carports had been there for many years.

26.    The Council took no action on Ms. Witt's variance request.  On the evening of February 7, 2017, however, the town administrator, Mr. Brown, emailed the code enforcement officer and directed him to issue citations to the properties that Ms. Witt had identified during the meeting.  He also instructed the officer to locate and cite other carport violations.  On February 8, the code enforcement officer issued abatement notices to the residents whose carports were in violation of Section 7-7.2.

## HUD COMPLAINT AND REFERRAL

27.    On January 10, 2017, Ms. Witt filed a timely complaint with the Department of Housing and Urban Development ("HUD") alleging that the Town violated the Fair Housing Act by discriminating against her because of disability.

28.    Pursuant to the requirements of 42 U.S.C §§ 3610(a) and (b), the Secretary of HUD ("the Secretary") conducted and completed an investigation of the complaint filed by Ms. Witt, attempted conciliation without success, and prepared a final investigative report.  Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(2)(C), referred the matter to the Attorney General for enforcement.

## FAIR HOUSING ACT VIOLATIONS

29.    Plaintiff realleges and incorporates by reference herein the allegations described above.

30.    By the conduct described in the foregoing paragraphs, the Defendant has:

  a. Discriminated in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

  b. Refused to permit an individual with a disability, at her own expense, to make reasonable modifications to existing premises, when such modifications may be necessary to afford that person full enjoyment of the premises, in violation of 42 U.S.C. § 3604(f)(3(A); and

  c. Refused to make reasonable accommodations in the Town's rules, policies, practices, or services, when such accommodations may have been necessary to

afford an individual with a disability an equal opportunity to use and enjoy a
dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

31.    The Defendant's conduct constitutes a discriminatory housing practice, in violation
of 42 U.S.C. § 3614(b).

32.    Patricia Witt is an "aggrieved person," as defined in 42 U.S.C. § 3602(i), and has
suffered damages as a result of the Defendant's conduct described above.

33.    The Defendant's discriminatory conduct described above was intentional, willful,
and taken in disregard for the rights of Ms. Witt.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER that:

1.    Declares that the Defendant's actions, policies, and practices, as alleged herein,
violate the Fair Housing Act;

2.    Enjoins the Defendant, its officers, employees, agents, successors, and all other
persons in active concert or participation with any of them, from:

    a. Discriminating because of a disability, including failing to grant a reasonable accommodation or refusing to permit a reasonable modification, in violation of the Fair Housing Act;

    b. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Ms. Witt and other persons aggrieved by the Defendant's unlawful practices, to the position they would have been in but for the discriminatory conduct;

    c.   Failing or refusing to take such affirmative steps as may be necessary to prevent recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendant's unlawful practices;

3.    Awards monetary damages to Patricia Witt under 42 U.S.C. § 3614(d)(1)(B); and

4.    Assesses a civil penalty against the Defendant to vindicate the public interest under 42 U.S.C. § 3614(d)(1)(C).

The United States further prays for such additional relief as the interests of justice may require.

Dated:  November 16, 2018

Respectfully submitted,

MATTHEW G. WHITAKER
Acting Attorney General

SHERRI A. LYDON
United States Attorney
District of South Carolina

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

s/Robert M. Sneed
BARBARA M. BOWENS (#4004)
ROBERT M. SNEED (#07437)
Assistant United States Attorneys
United States Attorney's Office
Wells Fargo Building
District of South Carolina
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.: (803) 929-3000
Fax: (803) 254-2912
barbara.bowens@usdoj.gov
robert.sneed@usdoj.gov

MICHAEL S. MAURER
Deputy Chief
MICHELLE A. MCLEOD
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, NW – NWB 7091
Washington, D.C. 20530
Tel: (202) 305-0115
Fax: (202) 514-1116
michelle.mcleod@usdoj.gov

Attorneys for the United States