# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Civil Action No. 3:18-cv-03106-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Town of Irmo, South Carolina, ) | |
| Defendant. ) | |

This action arises from an alleged violation of the Fair Housing Act of 1988 ("FHA"), 42 U.S.C. § 3601, *et seq.*, by Defendant Town of Irmo ("Irmo"). (ECF No. 1.) Plaintiff United States of America filed a Complaint on November 16, 2018, claiming that Irmo "improperly refused to provide a reasonable accommodation or reasonable modification to Patricia Witt, a homeowner who sought a zoning variance to build a carport on her property to accommodate her physical disability." (ECF No. 29-1 at 2.) The matters before the court are Plaintiff's Motion to Compel and Motion to Amend the Scheduling Order to extend the expert disclosure deadline. (ECF No. 29.) The court heard oral arguments from the parties on February 21, 2010, regarding Plaintiff's Motions[1] (ECF No. 29), as well as the parties' Motions for Summary Judgment (ECF Nos. 40, 41). (ECF No. 55.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2019, Plaintiff filed its Motion to Compel and Motion to Extend the Scheduling Order, seeking discovery documents from the Irmo Town Council ("Town Council") and the Town of Irmo Zoning Board of Adjustment ("Zoning Board") related to the denial of

---

[1] The court notes that Plaintiff withdrew its Motion to Amend the Scheduling Order at the hearing. (*See* ECF Nos. 29-1 at 2; 55.)

1

Patricia Witt's petition for a zoning variance to build a carport on her property. (ECF No. 29; Section 7-7.2 of the Irmo Zoning Ordinances).) Plaintiff claims that it attempted in good faith to resolve the discovery dispute with Irmo pursuant to Local Rule 7.02, but that effort failed. (*Id.* at 3-4.) Plaintiff requests a court order to compel Irmo to provide Plaintiff with complete responses to the following: "Request for Production Nos. 1, 2, 4, 12, 13, 15, 16, 17, 18, 19, 23, 25, and 27, Interrogatory Nos. 1, 2, 4, 5, 9, 10, 11, [12], 13, and 14, and Request for Admission Nos. 15 and 16." (ECF No. 29-1 at 9.) Irmo filed a Response in Opposition on July 8, 2019 (ECF No. 31), to which Plaintiff filed a Reply on July 12, 2019 (ECF No. 32). At the hearing, Plaintiff limited its requests for responses to the following: (1) Interrogatory Nos. 7, 8, 13, and 19; (2) Request for Production Nos. 15, 17, 23, and 27. (*See* ECF No. 55.)

## II. LEGAL STANDARDS

### A. <u>Motion to Compel</u>

The amendment to Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *See Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992).

Parties may serve requests "to produce and permit the requesting party or its representative

2

to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). These requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection . . .; and (C) may specify the form or forms in which the electronically stored information is to be produced." Fed. Civ. R. P. 34(b)(1). The recipient of a request for production has 30 days to respond. Fed. R. Civ. P. 34(b)(2)(A). When a party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34," the requesting party can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a) (4).

Parties may submit interrogatories relating to any matter within the scope of discovery. Fed. R. Civ. P. 33(a). The responding party must answer or object to each interrogatory within 30 days of being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). An objection not timely stated is waived "unless the court, for good cause, excuses the failure." *Id.*

Under Rule 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide an index of the withheld documents. Fed. R. Civ. P. 26(b)(5). "To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege [or the] protection claimed, the name of the person making [or] receiving the communication, the date and place of the communication, and the document's general subject

matter.'"*AVX Corp. v. Holly Land Co., Inc.,* C/A No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting *Victor Stanley, Inc., v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008)).

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must, to the extent there is no objection, be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is given to a district court's decision to grant or deny a motion to compel. *See, e.g., Lone Star Steakhouse & Saloon, Inc., v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

 B. <u>Fair Housing Act</u>

Congress amended the Fair Housing Act to make "disability" a protected class and intended to reach "state or local land use and health and safety laws, regulations, practices or decisions

4

which discriminate against individuals with handicaps." *See* Fair Housing Act of 1988, H.R. Rep. No. 100-711, at 90. Conduct qualifying as discrimination in this context includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Discriminatory conduct also includes a refusal "to permit, at the expense of the [disabled] person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A).

### III. DISCUSSION

A. <u>The Parties' Arguments</u>

Plaintiff claims that Irmo has (1) "provided evasive or incomplete responses"; (2) "withheld discovery responses based on unsupported, generalized objections"; (3) "asserted inapplicable privileges and withheld responsive information without providing a privilege log"; and (4) "produced electronically stored information [("ESI")] in non-native format and failed to indicate which documents were responsive to each discovery request." (ECF No. 29 at 1.) Consequently, Plaintiff seeks to compel "complete responses to [its] First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admission." (ECF No. 29-1 at 3.) Irmo contends that its discovery responses are "complete, appropriate objections were raised as needed, and evidentiary privileges were appropriately asserted. Irmo has produced the information and documents in its possession that are responsive to the Plaintiff's requests subject to the objections and privileges asserted." (ECF No. 31 at 1 (citing *Singer Sewing Machine Co. v. NLRB*, 329 F.2d 200, 206 (4th Cir. 1996) ("[t]he mental process rule protects the secret mental processes of those who, acting in a judicial or quasi- judicial capacity, make decisions as to facts

or as to law.")).)

B. The Court's Decision

The court observes that Plaintiff's Motion to Compel involves issues of providing ESI in "native format," the "scope of discovery," and privilege logs, which it addresses below.

*1. Native Format*

Plaintiff claims that Irmo failed to provide ESI in its native format in accordance with Rule 34 of the Federal Rules of Civil Procedure, which allows a party to designate the form that the ESI should be produced. *See* Fed. R. Civ. P. 34(b)(2)(E). Irmo proffers two explanations for refusing to supply Plaintiff with ESI in its native format: (1) "[t]he Plaintiff is attempting to put [Irmo], which is a small town with no internal IT support, to unnecessary time and expense for no practical reason"; and (2) that "Plaintiff has failed to demonstrate any need to obtain . . . emails in a 'native format.'" (ECF No. 31 at 6.) The court finds these reasons to be unpersuasive.

Notably, Irmo did not contest these issues prior to Plaintiff's Motion. At the initiation of the discovery phase and prior to the parties Rule 26(f) conference, Plaintiff disclosed a list of inquiries concerning Irmo's technological capabilities, and Plaintiff continued to make inquiries to Irmo in an effort to round up the relevant information efficiently.[2] Moreover, Plaintiff specifically

---

[2] On February 5, 2019, Plaintiff emailed Irmo to schedule a Rule 26(f) conference. (*See* ECF No. 29-11.) In an email sent the same day, Plaintiff provided a "short document with the ESI questions . . . to obtain information from [Irmo] before" the phone call. (*See id.*) Irmo responded to Plaintiff's ESI questions on February 19, 2019, but it did not include any claim that Irmo would be unable to provide ESI in its native format. (*See* ECF No. 29-12.) On February 21, 2019, and March 4, 2019, Plaintiff emailed Irmo about its initial ESI inquiry. (*Id.*) On May 23, 2019, Plaintiff sent a letter to Irmo identifying numerous deficiencies with Irmo's responses. (*See* ECF No. 29-10.) Irmo's counsel explained that he "was not being unresponsive to Plaintiff" because he was "preparing for a multi-million-dollar trial in state court and also in trial . . . ." (ECF No. 31 at 6-7.) Yet, Plaintiff provided Irmo with ample time and opportunities to provide sufficient responses to Plaintiff's discovery requests, especially considering that Plaintiff started its communication with Irmo on February 19, 2019, and the trial that Defendant is referencing began in late May. Finally, if Irmo

designated the form in which Irmo should produce the ESI:

> Pursuant to Fed. R. Civ. P. 34(b)(2)(E), responsive documents that are stored electronically, including but not limited to e-mails, word processing documents, and computer databases, should not be printed and produced as a paper copy, or printed, scanned and produced as a Tagged Image File (including, but not limited to, Portable Document Format or "PDF"), but rather *shall be produced electronically in their native file format* (defined as the electronic format in which such documents are ordinarily created, viewed, modified and maintained) and in a manner that preserves all application metadata. E-mails may be produced as Personal Storage Table or ".pst" files. If you object to providing any responsive electronically stored information in this format, please specify, pursuant to Fed. R. Civ. P. 34(b)(2)(D), the format you intend to use and why producing this information in the requested format is not feasible."

(ECF No. 29-5 at 6 (emphasis added).)

However, despite Plaintiff's specific request, Irmo failed to provide ESI in its native format, did not object to providing its discoverable ESI in native format, nor claim that producing the ESI in native format was not feasible. (*See* ECF Nos. 29-11; 29-12.) Instead, Irmo (1) transferred the ESI onto a Compact Disc ("CD"), which seems to indicate the existence of an electronic record keeping system that maintains the ESI in its native format; and (2) furnished a 337-page PDF. (*See* ECF Nos. 29-1 at 15; 31-2 at ¶ 4.) It is odd that "a small town without IT support" would devote a substantial effort to convert ESI, e.g., a Microsoft Word document, into an arguably less-desirable format that clearly disregards Plaintiffs request. This process is likely far more challenging and time consuming for Irmo than simply supplying the ESI "as is."[3] Indeed, the court is puzzled by Irmo's assertion that providing a document in its native format amounts to an impractical waste of time and money. (ECF No. 31 at 6.) On the contrary, as Plaintiff correctly

---

was incapable of responding to Plaintiff due to an overwhelming schedule, Irmo should have sought protection from the court pursuant to Local Rule 6.02.

[3] The court notes that metadata, as a general rule, must be affirmatively removed from a document. *See Wyeth v. Impax Labs., Inc.,* 248 F.R.D. 169, 171 (D. Del. 2006) ("Removal of metadata from an electronic document usually requires an affirmative alteration of that document, through scrubbing or converting the file from its native format to an image file, for example.").

points out, ESI "in which [it is] ordinarily created, viewed, modified and maintained" is the most practical format to evaluate. (ECF No. 32 at 3 (citing Fed. R. Civ. P. 34(b)(2)(E); ECF No. 29-5 at 6).) A "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E). "When a party is ordered to disclose electronic documents as they are maintained in ordinary course of business, i.e., as 'active file or in 'native format,' producing party should produce electronic documents with their metadata intact." *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, No. 04-109, 2006 U.S. Dist. LEXIS 10838, at *9 (D. Ill. Mar. 8, 2006).

As to Irmo's lack of in-house IT personnel, a party claiming production of ESI is an undue burden must establish that hardship with particularity. *See Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 107 (E.D. Pa. 2010). Stated differently, a "blanket objection" to a request for the production of documents must still detail how that production constitutes a negative impact. *Id.* Therefore, incorporating the limitations set forth within the following subsections of this order, the court orders Irmo to produce the ESI related to Plaintiff's Request for Production Nos. 15, 17, 23, and 27 and Interrogatory Nos. 7, 8, 13, and 19, in its native format and with the corresponding Bates-stamp in accordance with Rule 44(E)(i) of the Federal Rules of Civil Procedure. In addition, Irmo shall produce all relevant discovery in response to Plaintiff's Request for Production No. 23.

### 2. Scope of Production

To reiterate, "an evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Parties are prohibited from "assert[ing] conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *3 (M.D. Fla. Mar. 31, 2015) (quoting *Arthrex, Inc. v.*

8

*Parcus Medical, LLC,* No. 2:11–cv–694–FtM–29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov. 1, 2012)).

    Irmo responded to Plaintiff's Request for Production Nos. 15, 17, and 27 as follows:

**Request for Production No. 15:** [Irmo] objects to this request as unduly vague, overly burdensome, overbroad in that it is not limited in scope, and not reasonably proportional to the needs of this case. Further answering, [Irmo] has produced the records in its possession related to the Variance Request submitted by Patricia Witt and the appeal filed with the Circuit Court bearing Civil Action Number 2017-CP-40-0128, with the exception of documents identified in the privilege log.

**Request for Production No. 17:** [Irmo] objects to this request as unduly vague, overly burdensome, overbroad in that it is not limited in scope or reasonable time limits, and not reasonably proportional to the needs of this case. Further answering, [Irmo] has produced the records in its possession related to the Variance Request submitted by Patricia Witt and the appeal filed with the Circuit Court bearing Civil Action Number 2017-CP-40-0128, with the exception of documents identified in the privilege log.

**Request for Production No. 27:** [Irmo] objects to this request as unduly vague, overbroad in that it is not limited in scope, subject matter or reasonable time limits, and not reasonably proportional to the needs of this case. Further answering and without waiving the objections, neither the Town of Irmo nor the Town of Irmo Board of Zoning Adjustments has previously addressed a request by a citizen seeking a reasonable accommodation of the Zoning Ordinances by zoning variance or otherwise under the Fair Housing Act or the Americans with Disabilities Act since 2009, with the exception of the variance request made by Patricia Witt. [Irmo] has produced the records in its possession related to the Variance Request submitted by Patricia Witt and the appeal filed with the Circuit Court bearing Civil Action Number 2017-CP-40-0128, with the exception of documents identified in the privilege log.

(ECF No. 29-8 at 5, 7, 9.)

    As for Interrogatory Nos. 7 and 8, Irmo provided the following responses to Plaintiff:

**Interrogatory No. 7:** [Irmo] objects to this interrogatory as unduly vague, overbroad in that it is not limited in scope, subject matter or appropriate time limits, and not reasonably proportional to the needs of this case.

**Interrogatory No. 8:** [Irmo] objects to this interrogatory as unduly vague, overly burdensome, overbroad in that it is not limited in scope, subject matter, or appropriate time limits, and not reasonably proportional to the needs of this case.

(ECF No. 29-9 at 4–5.)

Here, Plaintiff contends that the information it seeks is within the scope of discovery because "the actions taken by [Irmo], independent of those involving Patricia Witt, may be relevant to the claims and possible defenses in this litigation." The court agrees. Irmo's objections to Plaintiff's Motion to Compel are merely conclusory boilerplate objections that lack a precise basis for the court to rule in Irmo's favor. Consequently, Irmo must provide Plaintiff with information regarding Request for Production Nos. 15, 17, and 27 and Interrogatory Nos. 7 and 8. However, the court finds that some limitation to Plaintiff's Request for Productions Nos. 15, 17, and 27 is warranted. The ten-year timeframe of Plaintiff's Request for Production Nos. 15, 17, and 27 and Interrogatory Nos. 7 and 8 are overly broad. Therefore, Irmo must include information spanning the five years preceding this action, i.e., Irmo shall produce all relevant discovery since January 1, 2014. In the event that the information provided by the court's more limited time frame of the discovery request is determined to be fruitful, the court is willing to reconsider this request.

As to Plaintiff's Interrogatory No. 13, Irmo responded:

> **Interrogatory No. 13:** Neither the Town of Irmo nor the Town of Irmo Board of Zoning Adjustments has previously addressed a request by a citizen seeking a reasonable accommodation of the Zoning Ordinances by zoning variance or otherwise under the Fair Housing Act or the Americans With Disabilities Act since 2009, with the exception of the variance request made by Patricia Witt.

(ECF No. 29-9 at 7.)

Plaintiff asserts that Irmo failed to state whether any housing or disability related complaints have been made to or against Irmo since January 1, 2009. (ECF No. 29-1.) Here, the court finds that Irmo's response stating that

> [n]either the Town of Irmo nor the Town of Irmo Board of Zoning Adjustments has previously addressed a request by a citizen seeking a reasonable accommodation of the Zoning Ordinances by zoning variance or otherwise under the Fair Housing Act or the Americans with Disabilities Act since 2009, with the exception of the

10

variance request made by Patricia Witt.

(ECF No. 29-9 at 7) is sufficient. However, if Irmo does become aware of responsive information or receives any future complaints within the scope of Plaintiff's Interrogatory No. 13, then Irmo has a duty to supplement that information. *See* Fed. R. Civ. P. 26(e).

### 3. Privilege Log

As to Interrogatory No. 19, Irmo stated the following:

> **Interrogatory No. 19:** Objection. The information requested is not discoverable under the attorney work product privilege. *See, Bose v. Rhodes College*, 2017 WL 4479258 (W.D. Tenn. 2017).

(ECF No. 29-9 at 9.)

A party asserting a privilege must provide a privilege log containing sufficient information to allow opposing parties to assess the claim of privilege. *See Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2018 WL 2604867, at *4 (D.S.C. May 25, 2018). In general, a party satisfies this requirement by furnishing a privilege log that lists the documents withheld along with the pertinent information for each document. *See Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *7 (M.D. Fla. Mar. 31, 2015). If a privilege log is too vague, the court will not be able to assess a party's claims of privilege. *See id.* at *8. Under Fed. R. Civ. P. 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide an index of the withheld documents. "To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege [or] protection claimed, the name of the person making [or] receiving the communication, the date and place of the communication, and the document's general subject matter.'" *AVX Corp. v. Horry Land Co., Inc.*,

C/A No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008)). "The party asserting the privilege 'must identify the elements of the applicable privilege and demonstrate that each element is present for each document for which they claim the existence of a privilege.'" *AVX Corp.*, 2010 WL 4884903, at *3 (quoting *Richardson v. Sexual Assault/Spouse Abuse Research Ctr., Inc.*, No. MJG-09-3404, 2010 WL 4290327, at *5 (D. Md. Oct. 28, 2010)). "When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *9 (M.D. Fla. Mar. 31, 2015).

Here, Irmo's privilege log contains eighteen (18) email entries with "subject lines" about (1) "HUD investigation"; (2) FHA; and (3) "liability related questions" that are the "[b]asis for non-disclosure: Attorney-Client Privilege." (ECF No. 31-1 at 1-2.) Irmo also contends that the Zoning Board is protected under a "quasi-judicial privilege" and that the Town Council members are protected under "legislative privilege." (ECF Nos. 29-8 at 3; 31 at 2-3.) Upon review of the privilege log, the court finds that it is too vague to discern whether a valid claim of attorney-client privilege exists nor allows the court and Plaintiff to test the applicability of the privilege as to each document withheld. Specifically, Irmo failed to include legislative privilege or quasi-judicial privilege in its privilege log and instead included, insufficient descriptions regarding a transfer of documents between Town Council members. For example, the privilege log includes broad descriptions, such as "from Milton Cooley to Attorney Eric Hale, Bob Brown and other ZBA members." (ECF No. 31-1 at 2–3.) Email subject lines of "Fair Housing Act" and "HUD

investigation" also fail to provide sufficient descriptions to reveal whether the communication is seeking legal advice or simply discussing the Fair Housing Act or the HUD investigation.

Accordingly, the court concludes that Irmo's privilege log is inadequate, Irmo must promptly supply a privilege log to plaintiff that conforms to Rule 26(b)(5) involving Request for Production Nos. 15, 17, 23, and 27 and Interrogatory Nos. 7, 8, 13, and 19. *See* Fed. R. Civ, P. 26(b)(5); *see also Nationwide*, 2015 WL 1470971, at *9.

## IV. CONCLUSION

For the reasons stated above, the court **GRANTS IN PART** Plaintiff United States of America's Motion to Compel (ECF No. 29) and **ORDERS** Defendant Town of Irmo to provide the following information on or before Monday, March 16, 2020:

1. Request for Production Nos. 15, 17, 23, and 27 shall be produced in native format;

2. Interrogatory Nos. 7 and 8 shall be produced in native format;

3. All information obtained by Irmo within the last five years that is relevant to Request for Production Nos. 15, 17, and 27 and Interrogatory Nos. 7 and 8 shall be provided to Plaintiff;

4. Interrogatory No. 19 documents within the last five years shall be produced in native format unless Irmo provides an adequate privilege log before March 16, 2020.

The court **DENIES IN PART** Plaintiff United States of America's Motion to Compel (ECF No. 29) with respect to Interrogatory No. 13.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 3, 2020
Columbia, South Carolina